UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DAVID PAUL TAYLOR,            :
        Petitioner,            :
                               :          PRISONER
     v.                        :  Case No. 3:07cv1915(AHN)
                               :
COMMISSIONER LANTZ, et al.,    :
        Respondents.           :

## RULING ON RESPONDENTS' MOTION TO DISMISS

Petitioner David Paul Taylor, an inmate confined at the MacDougall-Walker Correctional Institution in Suffield, Connecticut, brings this action pro se for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his conviction for murder on the grounds that he was afforded ineffective assistance of counsel; his guilty plea was not knowingly, voluntarily or intelligently made; the trial court's plea canvass was constitutionally inadequate; and he was convicted pursuant to a constitutionally invalid law. The respondents move to dismiss the petition on the grounds that the petition is time-barred and Taylor failed to exhaust his state court remedies on all grounds for relief. In response to the motion to dismiss, Taylor seeks to withdraw his fourth ground for relief. For the reasons that follow, both motions will be granted.

Taylor seeks leave to withdraw his fourth ground for relief,

one of the two grounds respondents argue are not exhausted. Taylor's motion is granted and the fourth ground is withdrawn.

The respondents first move to dismiss the petition as untimely filed. Federal habeas corpus statutes impose a one year statute of limitations on federal petitions for a writ of habeas corpus challenging a judgment of conviction imposed by a state court. See 28 U.S.C. § 2244(d)(1). The limitations period begins on the completion of the direct appeal or the conclusion of the time within which an appeal could have been filed and may be tolled for the period during which a properly filed state habeas petition is pending. See 28 U.S.C. § 2244; Williams v. Artuz, 237 F.3d 147, 151 (2d Cir.), cert. denied, 534 U.S. 924 (2001).

On September 12, 2001, Taylor pled guilty, under the Alford[1] doctrine, to a charge of murder. See Resp'ts' Mem., Doc. #16-2, App. B, Transcript of 9/12/01.[2] On November 30, 2001, he was sentenced to the mandatory minimum sentence of twenty-five years. See Resp'ts' Mem., Doc. #16-2, App. C, Transcript of 11/30/01. Taylor did not file a direct appeal. Thus, his conviction became

---

[1] North Carolina v. Alford, 400 U.S. 25, 27 (1970).

[2] The court takes judicial notice of the state court documents attached to respondents' memorandum. See Liberty Mutual Ins. Co. v. Rotches Pork Packers, Inc., 969 F.2d 1384, 1388 (2d Cir. 1992) (noting that court may take judicial notice of the actions taken in related proceedings "to establish the fact of such litigation and related filings").

2

final on December 21, 2001, the day following the twenty-day period during which he could have filed a direct appeal.  See Connecticut Practice Book § 63-1 (setting time limit for filing direct appeal).  The limitations period expired one year later, on December 21, 2002.

Although a properly filed state habeas corpus petition can toll the limitations period, Taylor did not file his first state habeas petition until July 24, 2003, seven months after the limitations period expired.  Taylor v. Warden, No. TSR-CV-03-0004061-S, www.civilinquiry.jud.ct.gov/ (last visited Aug. 20, 2008).  Thus, the statutory tolling provision is inapplicable.

Equitable tolling may be applied in habeas cases only in extraordinary and rare circumstances and requires Taylor to show that he has been pursuing his rights diligently, but extraordinary circumstances prevented him from timely filing his petition.  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  Taylor cannot establish the required causal relationship if, "acting with reasonable diligence, [he] could have filed on time notwithstanding the extraordinary circumstances."  Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000).  The threshold for petitioner to establish equitable tolling is very high.  See Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.) (acknowledging high threshold for establishing equitable tolling), cert. denied, 531 U.S. 840 (2000).

In his petition, Taylor responded to the question regarding the timeliness of his petition by stating that his petition was not time-barred because his state court remedies were not exhausted. Pet., Doc. #1, at 19, ¶ 27. Taylor's assumption that the limitations period does not commence until he exhausted his state court remedies is incorrect and contrary to the clear language of Section 2244(d).[3]

In response to the motion to dismiss, Taylor merely moves to withdraw his fourth ground for relief. He does not address the timeliness of the petition or offer any reason to explain why he waited nineteen months to file a state habeas action. Thus, equitable tolling is not warranted. Taylor filed this petition on December 26, 2007, five years after the limitations period expired. Accordingly, the petition is time-barred.

In conclusion, Taylor's Motion to Strike [**doc. #19**], in which Taylor seeks permission to withdraw ground four, is **GRANTED**. Withdrawing one ground for relief, however, does not affect the timeliness of the petition. Accordingly, Respondents' Motion to Dismiss [**doc. #16**] is **GRANTED** on the ground that the petition is untimely filed.

The court concludes that jurists of reason would not find it

---

[3]Taylor was aware of the requirements of section 2244(d) because the statute is reproduced in the petition form on page 19 as footnote 1.

debatable that Taylor timely filed this petition.  Thus, a certificate of appealability will not issue.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that, when the district court denies a habeas petition on procedural grounds, a certificate of appealability should issue if jurists of reason would find debatable the correctness of the district court's ruling).  The Clerk is directed to enter judgement and close this case.

**SO ORDERED** this 27th day of August 2008 at Bridgeport, Connecticut.

/s/
Alan H. Nevas
United States District Judge