UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


DAVID PAUL TAYLOR,                    :
                 Petitioner,          :
                                      :              PRISONER
        v.                            :    Case No. 3:07cv1915(AHN)
                                      :
COMMISSIONER LANTZ, et al.,           :
                 Respondents.         :



RULING AND ORDER

On September 2, 2008, the court granted respondents' motion
to dismiss the petition as time-barred.  Plaintiff now seeks
reconsideration of that decision.

Motions for reconsideration of a judgment will be denied
unless the moving party can identify controlling decisions or
data that the court overlooked which would be expected to alter
the court's conclusion.  See Schrader v. CSX Transp., Inc., 70
F.3d 255, 257 (2d Cir. 1995).  Petitioner argues that the court
failed to consider his arguments for equitable tolling.  A review
of the docket reveals that petitioner's memorandum regarding
equitable tolling was docketed after the court had taken
respondents' motion under consideration.  Because the court did
not consider the memorandum when ruling on the motion to dismiss,
the court grants petitioner's motion for reconsideration and now
addresses petitioner's argument that the limitations period
should be equitably tolled.

Equitable tolling may be applied in habeas cases only in extraordinary and rare circumstances and requires petitioner to show that he has been pursuing his rights diligently, but extraordinary circumstances prevented him from timely filing his petition. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Petitioner cannot establish the required causal relationship if, "acting with reasonable diligence, [he] could have filed on time notwithstanding the extraordinary circumstances." Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000). The threshold for petitioner to establish equitable tolling is very high. See Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.) (acknowledging high threshold for establishing equitable tolling), cert. denied, 531 U.S. 840 (2000).

The Second Circuit has recognized only a limited number of circumstances that merit equitable tolling. See Baldayaque v. United States, 338 F.3d 145, 152 (2d Cir. 2003) (equitable tolling warranted where attorney's conduct is so outrageous and incompetent that it is truly extraordinary); Valverde v. Stinson, 224 F.3d 129, 133-34 (2d Cir. 2000) (equitable tolling warranted where prison officials intentionally obstructed petitioner's ability to file petition by confiscating his legal papers). The Second Circuit specifically reserved the question whether a claim of actual innocence based on newly discovered evidence rises to the level of an extraordinary circumstances warranting equitable

tolling and whether the Constitution requires equitable tolling for actual innocence. <u>Doe v. Menefee</u>, 391 F.3d 147, 160 (2d Cir. 2004), <u>cert. denied</u>, 546 U.S. 961 (2005). Stating that it will decide these questions "only in a case in which the petitioner has made a credible claim of actual innocence," the Second Circuit has instructed district courts considering untimely petitions accompanied by claims of actual innocence to first determine whether the petitioner presents a credible claim of actual innocence. <u>Id.</u> at 160-61.

Petitioner pled guilty, under the <u>Alford</u>[1] doctrine, to a charge of murder. On November 30, 2001, he was sentenced to the mandatory minimum sentence of twenty-five years. Petitioner's conviction became final on December 21, 2001, the day following the twenty-day period during which he could have filed a direct appeal but did not do so. <u>See</u> Doc. #21 at 2-3. The limitations period expired one year later, on December 21, 2002. Petitioner argues that the limitations period should be equitably tolled for two reasons, that he was unaware of the time limitation and he is actually innocent.

Petitioner, a British citizen, states that he was unaware of the procedures for filing state or federal habeas petitions. He states, however, that correctional officials direct inmates seeking legal assistance in criminal or habeas matters to defense

---

[1]<u>North Carolina v. Alford</u>, 400 U.S. 25, 27 (1970).

counsel or the Office of the Public Defender. He provides a current version of a notice containing this information. <u>See</u> Doc. #20-2, Ex. 41.

Courts within the Second Circuit consistently hold that <u>pro se</u> status and ignorance of the law or proper procedures do not constitute extraordinary circumstances warranting equitable tolling. <u>See</u> <u>Smith v. McGinnis</u>, 208 F.3d 13, 18 (2d Cir.) (<u>pro se</u> status does not merit equitable tolling), <u>cert. denied</u>, 531 U.S. 840 (2000); <u>Walker v. McLaughlin</u>, 2008 WL 941719, at *5 (W.D.N.Y. Apr. 4, 2008) (citing cases holding that ignorance of the law, illiteracy, lack of access to law clerks, and lack of fluency in English are not extraordinary circumstances warranting equitable tolling); <u>Bowman v. Walsh</u>, 2007 WL 2815711, at *2 (E.D.N.Y. Sept. 25, 2007) (same); <u>see also</u> <u>Edwards v. INS.</u>, 59 F.3d 5 (2d Cir. 1995) ("pro se litigants generally are required to inform themselves regarding procedural rules and to comply with them"). The court concludes that petitioner's argument that he was unaware of the law and procedures does not constitute an extraordinary circumstance warranting equitable tolling.

Further, petitioner fails to demonstrate that he acted diligently during the period sought to be tolled, that is, the time after his conviction became final. In 2003, petitioner filed a state habeas petition <u>pro se</u>. The state court granted his motions to proceed without payment of fees and for

4

appointment of counsel and appointed a special public defender.[2]
See Taylor v. Warden, No. TSR-CV-03-0004061-S,
http://civilinquiry.jud.ct.gov (last visited Oct. 27, 2008).
Petitioner includes in his motion for reconsideration no
explanation for waiting eighteen months to commence his state
habeas action or seek legal advice on how to do so.

Petitioner also seeks equitable tolling on the ground that
he is actually innocent of the crime. Although petitioner argues
that his Alford plea preserved his claim of actual innocence, a
trial court's acceptance of an Alford plea acknowledges that,
despite a claim of innocence, sufficient evidence exists to
support a conviction. Alford, 400 U.S. at 37-38 & n.10.

For a petitioner who entered an Alford plea to gain relief
under 28 U.S.C. § 2254 on a claim of "actual innocence," "he must
show that he was factually innocent of the crime. See Bousley v.
United States, 523 U.S. 614, 623 (1998) (applying actual
innocence test to a section 2255 action); Menefee, 391 F.3d at
162. He "must present 'new reliable evidence that was not
presented at trial' and 'show that it is more likely than not
that no reasonable juror would have found [him] guilty beyond a
reasonable doubt.'" Lucidore v. New York State Div. of Parole,
209 F.3d 107, 114 (2d Cir. 2000) (quoting Schlup, 513 U.S. at

---

[2]Connecticut statutes require the Office of the Public
Defender to represent indigent prisoners in state habeas corpus
proceedings. Conn. Gen. Stat. § 51-296(a).

299, 327-28 (alteration in original)).

Petitioner relies on the 1999 psychiatric evaluation his attorney intended to use to support an extreme emotional disturbance defense at trial. Because this evaluation existed at the time petitioner entered his plea, it is not newly discovered evidence to establish actual innocence in support of equitable tolling. See Boyle v. Ortiz, 242 Fed. Appx. 529, 531 (10th Cir. 2007) (evidence known to petitioner at time of guilty plea was not new for purposes of establishing actual innocence to warrant equitable tolling); Baker v. Norris, 321 F.3d 769, 772 (8th Cir.) (no equitable tolling based on claim of actual innocence where petitioner knew factual basis for claim at time of conviction), cert. denied, 538 U.S. 918 (2003). Thus, petitioner fails to present any new evidence to support his claim of actual innocence.

In addition, even if the court were to consider the psychiatric evaluation, petitioner has not presented a credible claim of actual innocence. Extreme emotional disturbance is a mitigating circumstance that will reduce a charge of murder to a charge of manslaughter in the first degree. Conn. Gen. Stat. §§ 53a-55(a); Vargas-Sarmiento v. U.S. Dep't of Justice, 448 F.3d 159, 166 (2d Cir. 2006) (holding that proof of the extreme emotional disturbance defense permits conviction of the defendant for manslaughter instead of murder). Under Connecticut law, a

jury may consider any lesser degrees of homicide with a charge of murder. <u>State v. Wade</u>, 106 Conn. App. 467, 490-91, 942 A.2d 1085 (2008). Thus, if he had proceeded to trial, the jury could have considered both murder and manslaughter. Petitioner has not presented evidence to show that no reasonable juror would have found him guilty. Thus, the court concludes that petitioner fails to set forth a credible claim of actual innocence.

In conclusion, petitioner's motion for reconsideration [**doc. #32**] is **GRANTED** but the relief requested is **DENIED**. The petition is time-barred and equitable tolling of the limitations period is not warranted by petitioner's ignorance of the law or claim of actual innocence. These determinations do not turn on issues on which reasonable judicial minds could disagree. Thus, the court concludes that a certificate of appealability will not issue.

Petitioner's motion seeking to stay the appeal until the motion for reconsideration is decided [**doc. #31**] is **DENIED** as moot. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. Thus, petitioner's motion to proceed <u>in forma pauperis</u> on appeal [**doc. #29**] is **DENIED**.

**SO ORDERED** this <u>28th</u> day of October 2008 at Bridgeport, Connecticut.

/s/_____
Alan H. Nevas
United States District Judge

7